IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:15-CV-327-WKW [WO] |
| STEVEN CLAYTON THOMASON, | ) ) ) ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is Defendant Steven Clayton Thomason's Motion to Amend the Notice of Removal (Doc. # 6), which is construed as a motion for reconsideration of the Memorandum Opinion and Order (Doc. # 5) remanding Mr. Thomason's criminal case to the District Court of Elmore County, Alabama. On May 15, 2015, Mr. Thomason filed a notice of removal of his state-court criminal prosecution. On May 22, 2015, the case was remanded in light of Mr. Thomason's failure to comply with the procedures for removing a state criminal prosecution as provided by 28 U.S.C. § 1455. Specifically, the court highlighted the fact that the notice was filed well after § 1455(b)(1)'s thirty-day window.

In response to the May 22, 2015 order of remand, Mr. Thomason filed the present motion, in which he argues that good cause exists to warrant leave for the

filing of an untimely notice.[1]  However, even if Mr. Thomason could show good cause to satisfy the procedural requirements for removal, neither his notice of removal, nor his present motion, nor his motion to dismiss shows that 28 U.S.C. § 1443's narrow circumstances for removal of a criminal prosecution are present.[2]  The Supreme Court addressed the scope of removal under § 1443 in *Georgia v. Rachel*, 384 U.S. 780 (1966), and articulated the two-pronged test that still controls today.  First, a defendant must show "that the right upon which [he] rel[ies] is a 'right under any law providing for . . . equal civil rights.'"  *Id*. at 788 (quoting § 1443(1)).  Second, the defendant must show that he is "'denied or cannot enforce' that right" in the state court in which the action currently sits.  *Id*.

Mr. Thomason argues that, during the course of his criminal prosecution, the state district attorney, state district court judge, and the investigator of the Alabama Home Builder's License Board violated several of his federal constitutional and statutory rights, including but not limited to his right to a grand jury indictment, right to an attorney, right to equal protection, and right to procedural due process.  The violations Mr. Thomason alleges, however, are not based upon rights that fall

---

[1] 28 U.S.C. § 1455(b)(1) provides that, when good cause is shown, "the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time."

[2] Section 1443 contains two subsections.  Because removal under subsection (2) is available "only to federal officers and to persons assisting such officers in the performance of their official duties," *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 815 (1966), a scenario not present here, the discussion focuses on subsection (1).

within the scope of § 1443(1), as it is not sufficient to claim that rights of "general application to all persons or citizens" have been violated. *Alabama v. Conley*, 245 F.3d 1292, 1295–96 (11th Cir. 2001). Rather, for a case to be removable under § 1443(1), Mr. Thomason would have to show the denial of rights that "'provid[e] for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Rachel*, 384 U.S. at 792). Accordingly, because Mr. Thomason has not alleged claims involving racial inequality, he is unable to meet prong one of *Rachel*. *See Cabello v. Texas*, 71 F. App'x 315, 316 (5th Cir. 2003) (explaining that because the defendant conceded "that his claims d[id] not involve racial discrimination," he had "not made the required showing" under prong one of *Rachel*).

Mr. Thomason is also unable to meet *Rachel*'s second prong. "Generally, the denial of the petitioner's equal civil rights must be 'manifest in a formal expression of state law.'" *Conley*, 245 F.3d at 1296 (quoting *Rachel*, 384 U.S. at 803). As the Eleventh Circuit has explained, "This requirement ensures that removal is available only in cases where the denial of the right can be clearly predicted and avoids involving federal judges in 'the unseemly process of prejudging their brethren of the state courts.'" *Id*. (quoting *Rachel*, 384 U.S. at 803–04). Mr. Thomason's state-court prosecution is for the undertaking of residential homebuilding without a license in violation of Alabama Code § 34-

14A-14, and there is no contention that Alabama's licensure laws for homebuilders are not facially neutral.

The Supreme Court has created a narrow exception to allow the removal of an action grounded upon the violation of a facially neutral law "if the very act of bringing the state court proceedings will constitute a denial of the rights conferred" by the applicable federal statute. *Id*. To fall within this exception, however, it is not enough to allege that one's civil rights have been "illegally and corruptly" denied prior to trial, "that the charges are false, or that the defendant is unable to obtain a fair trial in a particular state court." *City of Greenwood*, 384 U.S. at 827. As the Supreme Court has highlighted, allegations of corrupt motives of charging officers are insufficient to support removal because such motives do not necessitate that a defendant will be found guilty in state court if he is innocent "or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights." *Id*. (quoting § 1443(1)). Unlike *Rachel*, in which the defendants were prosecuted in state court despite being immunized from suit by federal law, the vindication of Mr. Thomason's federal rights is appropriately left to the state court because those rights, if they are being denied, are not being denied by the mere act of bringing him to trial. *See Rachel*, 384 U.S. at 804; *Conley*, 245 F.3d at 1298 ("In *Rachel*, it was only because section 203(c) of the Civil Rights Act of 1964 expressly

immunized the defendants from prosecution . . . that 'the mere pendency of the prosecutions enable[d] the federal court to make the clear prediction that the defendants w[ould] be 'denied or c[ould not] enforce in the courts of (the) State' the right to be free of any 'attempt to punish' them for [the] protected activity.").

Based on the foregoing analysis, it is ORDERED that Defendant Steve Clayton Thomason's Motion to Amend Notice of Removal (Doc. # 6) is DENIED.

DONE this 22nd day of June, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
