IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CV-327-WKW |
| | ) | (WO) |
| STEVEN CLAYTON THOMASON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Steven Clayton Thomason's June 24, 2016 *pro se* motion to stay state court proceedings (Doc. # 8), which the court construes as also containing a motion for relief from previous orders entered in this case.

## I.    DISCUSSION

### A.    The motion does not operate as a notice of removal.

Thomason styles his motion as a "Notice of Removal."  The motion is not a notice of removal and does not function to remove the criminal proceedings or reopen this case.  Thomason did not comply with the procedural requirements for removal set forth in 28 U.S.C. § 1455, and Thomason did not include a filing fee or application for leave to proceed in this court *in forma pauperis*.  Construing the document as a notice of removal despite these procedural failings would be futile because (1) Thomason has not shown good cause for waiving the requirements of

28 U.S.C. § 1455(b)(2); and (2) Thomason is currently appealing the remand of his second attempt at removal.  § 1455(b)(2) ("[A] second notice [of removal] may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.").

**B.     The motion for reconsideration is due to be denied.**

To the extent that Thomason seeks relief from the May 22, 2015 Order of Remand (Doc. # 5) or the June 22, 2015 Order denying Thomason's motion to reconsider the remand (Doc. # 7), the motion is due to be denied.   Thomason asserts that removal is appropriate on grounds that were available at the time of the original removal, but were either (1) not asserted in the notice of removal or (2) rejected when the case was remanded.

Thomason has not shown good cause why the court should reconsider the remand on grounds that he could have asserted earlier, but did not.  § 1455(b)(2) ("A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice.  For good cause shown, the United States district court may grant relief from the limitations of this paragraph.").

Thomason fails to assert valid substantive grounds under Rule 60 of the Federal Rules of Civil Procedure for reconsideration of grounds for removal that were previously rejected.   Further, to the extent that Thomason seeks relief on grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct by the opposing party, the motion for reconsideration is untimely.  *See* Fed. R. Civ. P. 60(b)(3) (providing that a motion for relief from judgment or order on grounds available under Rule 60(b)(1)-(3) must be filed "no more than a year after the entry of the judgment or order").

**C.     The motion to stay is due to be denied.**

Thomason requests that "no further action or proceedings . . . be had" in the Circuit Court of Elmore County, Alabama.  (Doc. # 8 at 34; Doc. # 5.)  The only basis Thomason asserts for the stay is the fact of the purported "removal."  However, as noted above, the motion does not function as a notice of removal, and, in any event, removing state court criminal proceedings does not automatically stay all further proceedings in state court.  28 U.S.C. § 1455(b)(3) ("The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.").

Thomason has not shown that this court has jurisdiction to enter a stay in this case, or that an order staying the state court proceedings is appropriate on the basis

of any exception to the general rule that a federal court may not enjoin state court criminal proceedings. *Burr & Forman v. Blair*, 470 F.3d 1019, 1027 (11th Cir. 2006) ("Under the Anti–Injunction Act, an injunction halting a state court proceeding is inappropriate, 'except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" (quoting 28 U.S.C. § 2283)).

## II.   CONCLUSION

Accordingly, it is ORDERED that

1.     The motion for reconsideration (Doc. # 8) is DENIED; and

2.     The motion to stay (Doc. # 8) is DENIED.

DONE this 20th day of July, 2016.

_____
          /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE